UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JAMES R. BAILEY, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5:23-cv-00145-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES | ) | **MEMORANDUM OPINION** |
| PROBATION OFFICE, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |

*** *** *** ***

This matter is before the Court on *pro se* Plaintiff James R. Bailey's Petition for Writ of Habeas Corpus. [R. 1.] Mr. Bailey's Petition challenges the computation of his sentence by the Bureau of Prisons ("BOP"). *Id.* Mr. Bailey has paid the $5.00 filing fee. [R. 1-1.] However, upon review of Mr. Bailey's petition, it is evident that he has not fully exhausted his available administrative remedies with respect to his claim. Thus, his petition will be dismissed without prejudice. [1]

In 2016, Mr. Bailey pled guilty in this Court to One Count of Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing Cocaine, and was sentenced to 72 months imprisonment followed by 5 years of supervised release. *See United States v. Bailey*, No. 5:15-cr-3-KKC-1 (E.D. Ky. 2015); [R. 73.] Mr. Bailey's term of supervision began on or around August 28, 2020. [R. 87.]

---

[1] The Court is required to conduct an initial screening of § 2241 habeas petitions by 28 U.S.C. § 2243. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

In his § 2241 Petition, Mr. Bailey argues that the BOP failed to apply credit that he claims to have earned pursuant to the First Step Act. [R. 1 at 2.][2] According to Mr. Bailey, "[a]ny time I served in custody beyond that which I should have served due to a sentence miscalculation establishes the basis for modifying my supervised release." *Id*. He admits that he did not file a grievance or seek an administrative remedy with respect to his claim because he "was not in BOP custody on January 15, 2023, when the BOP began applying First Step Act credit to federal sentences." *Id*.

If a prisoner believes that his sentence is not properly computed because he has been unfairly denied credit toward the sentence imposed, he is required to pursue administrative review of that computation with the BOP prior to seeking habeas relief under § 2241. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *see also Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Leslie v. United States*, 89 F. App'x 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241.").[3] Exhaustion of administrative remedies

---

[2] The First Step Act, Pub. L. No. 115-015, 132 Stat. 015 (2018), includes a provision directing the Attorney General to develop a new "risk and needs assessment system" (referred to as the "System") to provide appropriate programming for prisoners in an effort to reduce the risk of recidivism, and to further provide incentives and rewards for prisoners to participate in "evidence-based recidivism reduction" ("EBRR") programming. 18 U.S.C. § 3632. These incentives include additional Earned Time Credits ("ETC") to be applied toward time in prerelease custody or supervised release, thus allowing eligible prisoners to be placed in prerelease custody (i.e., home confinement or an RRC) earlier than previously allowed. *See* 18 U.S.C. § 3632(d)(4).

[3] Administrative remedies must be properly exhausted prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 92–94 (2006). The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford*, 548 U.S. at 89 (citations omitted). *See also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)). Both of these purposes would be well served here.

Mr. Bailey argues that he could not pursue any administrative remedies because he is not currently in BOP custody. However, the BOP's Administrative Remedy Program applies "to former inmates for issues that arose during their confinement," such as Bailey's claim that he is entitled to ETC allegedly earned while he was previously in BOP custody. *See* 28 C.F.R. § 542.10. Moreover, an exception to the requirement that a grievance must initially be filed at the institution exists; that exception allows "formal administrative remedy requests regarding initial decisions that did not originate with the Warden, or his/her staff, [to be] initially filed with the Bureau office which made the original decision, and appealed directly to the General Counsel." *See* 28 C.F.R. § 542.14(d)(5). Here, Bailey admits that he has taken *no* steps to pursue any administrative remedies with respect to the computation of his sentence. A prisoner must undertake a meaningful effort to follow the grievance process before the asserted unavailability

3

of the procedure even becomes relevant. *Napier v. Laurel Cnty.*, 636 F.3d 218, 223–24 (6th Cir. 2011).

For these reasons, the Court finds that Mr. Bailey's § 2241 petition must be denied. As this case will be dismissed, Mr. Bailey's "Motion to Ascertain Status of Case" [R. 5] will be denied as moot.

Accordingly, it is hereby **ORDERED** as follows:

1. Mr. Bailey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED WITHOUT PREJUDICE**;

2. Mr. Bailey's "Motion to Ascertain Status of Case" **[R. 5]** is **DENIED AS MOOT**;

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket;

4. A corresponding Judgment will be entered this date.

This the 12th day of December, 2023.

Gregory F. Van Tatenhove
United States District Judge